## M. J. ROSE CO v ERIE RR CO

Ohio Appeals, 9th Dist, Summit Co
No 1851. Decided March 26, 1931

Carl M. Myers, Akron, for M. J. Rose Co.
R. H. Nesbitt, Akron, for RR Co.

WASHBURN, J.

This contention is based upon the case of **Davis, Agt., v Oswald & Taube, 113 Oh St 499,** wherein it was held that it was the duty of the carrier to notify the consignor of its inability to deliver to the consignee, and its failure to do so would absolve the consignor from its obligation to file a claim within the time stipulated in the bill of lading, provided there was no showing that the consignor "knew or should have known that the delivery had not been made."

The law of that case has no application to the facts in the case at bar, for here the plaintiff, through and in the name of its agent, was consignor, and at the same time was consignee and as such was charged with notice that the goods were not delivered to it; under such circumstances, proof that it did not know would not be sufficient, for it surely "should have known."

But there is no proof in the record that it did not know of the failure to deliver; all that is shown is that it was "agreed that M. J. Rose would testify that he did not know of the failure of delivery of said goods until on or about Aug. 6, 1924."

If, because of similarity of names, it be assumed that M. J. Rose was an agent of the plaintiff corporation such testimony falls far short of proof that the corporation did not know. But, as has been said, we think that the circumstances were such as to charge the plaintiff with knowledge that it had not received the goods, and not having complied with its contract as to filing a claim, it is not entitled to recover, and the trial court having so found, its judgment is affirmed.

PARDEE, PJ, and FUNK, J, concur.